CR 21-171 SRN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,  **INFORMATION**

Plaintiff,  18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 1343
v.  18 U.S.C. § 1349
28 U.S.C. § 2461

ROXANNE RENEE GILBERT,

Defendant.

THE ACTING UNITED STATES ATTORNEY CHARGES:

## General Allegations

At times relevant to this Information:

1.    Defendant ROXANNE RENEE GILBERT was a resident of the State and

District of Minnesota.

### *The U.S. Small Business Administration*

2.    The United States Small Business Administration ("SBA") was an

executive-branch agency of the United States government that provided support to

entrepreneurs and small businesses.  The mission of the SBA was to maintain and

strengthen the nation's economy by enabling the establishment and viability of small

businesses and by assisting in the economic recovery of communities after disasters.

SCANNED

AUG 06 2021

U.S. DISTRICT COURT ST. PAUL

***CARES Act and the Economic Injury Disaster Relief Program***

3.      The Economic Injury Disaster Loan ("EIDL") Program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

4.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

5.      One source of relief provided by the CARES Act was the authorization for the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

6.      In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. If awarded, EIDL advances did not have to be repaid.

7.      To obtain an EIDL and an EIDL advance, a qualifying business submitted an application to the SBA and provide information about its operations. The applicant was required to certify that all information in the application was true and correct to the best of the applicant's knowledge.

8.      EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. Any funds issued under an EIDL or advance were issued directly by the SBA into the bank account designated by the applicant.

## COUNT 1
### (Conspiracy To Commit Wire Fraud)

9.      In or about August 2020, in the State and District of Minnesota and elsewhere, the defendant,

### ROXANNE RENEE GILBERT,

did knowingly and willfully conspire, combine, and agree with T.T. and other persons known and unknown to the Acting United States Attorney to devise a scheme and artifice to defraud the SBA and to obtain money from the SBA by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signals and sounds, in violation of Title 18, United States Code, Sections 1343.

10.      The purpose of the conspiracy was to fraudulently obtain money from the SBA by applying for an EIDL loan using false information.

11.      As part of the scheme, T.T. applied for an EIDL loan in the name of S.K. for a business in Chicago, Illinois. On T.T.'s instructions, GILBERT opened an account at Bank 1 and provided the account number to T.T. T.T. gave the number to the SBA for deposit of the EIDL loan proceeds. The SBA approved the loan in the name of S.K. and wired GILBERT's Bank 1 account $98,900. Gilbert withdrew this money over the course of approximately one month and sent it all to T.T. in Nigeria by converting the money to Bitcoin.

12.      All in violation of Title 18 United States Code, Sections 1343 and 1349.

3

## FORFEITURE ALLEGATIONS

13.    Upon conviction of Count 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461, all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

14.    If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).


Dated:  August 6, 2021                    W. ANDERS FOLK
                                          Acting United States Attorney

                                          s/ Sarah E. Hudleston

                                          BY: SARAH E. HUDLESTON
                                          Assistant United States Attorney

4